LEWIS and others *v.* SIXTY-FIVE PACKAGES OF MERCHANDISE.

MERRITT *v.* ONE CASE OF WOOL, etc.

(*Circuit Court, E. D. New York.* July 8, 1887.)

1. SALVAGE—DUTIES ON SALVED PROPERTY.
   Where property is salved on the high seas, and brought by the salvors within the limits of the United States, the salvage claims are entitled to priority over the claims of the government for duties.

2. SAME—IMPORTED GOODS—CUSTOMS LAWS.
   Goods so brought into the United States are not imported goods, in the sense of the customs laws, so as to necessarily attach the right to duties.

3. SAME—SALE OF SALVED PROPERTY.
   But where the goods so brought within the United States, subsequently, by virtue of a sale, pass into consumption within the United States, an equitable right on the part of the government to be paid duties arises; not taking precedence, however, of the salvage claims.

*Whitehead, Parker & Dexter,* for William Lewis.
*Geo. A. Black,* for Israel J. Merritt.
*Mark D. Wilber,* U. S. Atty., for the United States.

The decree of the district court in the above case (30 Fed. Rep. 195) affirmed, without opinion.

---

THE WISCONSIN.

BEEBE *v.* THE WISCONSIN.

(*Circuit Court, E. D. New York.* July 9, 1887.)

1. SALVAGE—PILOT AS SALVOR—AWARD.
   Libelant, a pilot, was on board the steam-ship W., but had not taken charge, when the vessel ran ashore. Thereafter he rendered assistance by suggestions as to getting her off, and by taking charge of her when she was floated in a rudderless condition. He incurred no risk, and was not called upon for any extraordinary exertion. *Held,* that he should recover $1,000 salvage.

2. SAME—WHEN PILOT MAY BE SALVOR.
   A pilot may be a salvor, although aboard the vessel, if he has not yet assumed the relation of pilot to her.

3. SAME—EXTRAORDINARY PILOTAGE SERVICES.
   The statute of New Jersey (section 16 of the issue of 1846) relates to extraordinary pilotage services. A case of pilotage services necessarily presupposes the vessel capable of being navigated. So a pilot, rendering aid to an unnavigable vessel, is not bound by the above statute, and his services may be not those of a pilot, but of a salvor.

*Whitehead, Parker & Dexter,* for appellee.
*Nash & Kingsford,* for appellants.

The decree of the district court in the above case (30 Fed. Rep. 846) affirmed, without opinion.